**Below is an order of the Court.**

**U.S. Bankruptcy Judge**

D13 (4/15/13) kkm

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re
**Hector Cruz,** xxx–xx–2765
**Regina Antonette Cruz,** xxx–xx–1104

*Other names used by joint debtor:* Gina Cruz

Debtor(s)

Case No. **09–63501–fra13**

CHAPTER 13 ORDER RE:
DISCHARGE OF DEBTOR(S);
AND ORDER DISCHARGING
TRUSTEE AND CLOSING CASE

The court finds the debtor filed a petition under Title 11, United States Code, on 6/30/09; the debtor's Chapter 13 plan has been confirmed; the debtor has fulfilled all requirements under that plan; and therefore,

**IT IS ORDERED** that:

1. **ANY ORDER DIRECTING AN EMPLOYER TO PAY WAGES TO THE TRUSTEE IS NOW TERMINATED AND THE DEBTOR'S EMPLOYER SHOULD STOP MAKING PAYMENTS TO THE TRUSTEE.**

2. Pursuant to 11 USC §1328(a), the debtor is discharged from all debts provided for by the plan or disallowed under 11 USC §502, except any debt:

    a. provided for under 11 USC §1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;
    b. for domestic support obligations, as specified in 11 USC §523(a)(5);
    c. for a student loan or educational benefit overpayment as specified in 11 USC §523(a)(8);
    d. for a death or personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated from using alcohol, a drug, or another substance, as specified in 11 USC §523(a)(9);
    e. for restitution included in a sentence on the debtor's conviction of a crime;
    f. for a fine included in a sentence on the debtor's conviction of a crime; or
    g. for restitution, or damages, awarded in a civil action against the debtor(s) as a result of willful or malicious injury by the debtor(s) that caused personal injury to, or the death of, an individual as specified in 11 USC §1328(a)(4).

3. Pursuant to 11 USC §1328(d), the debtor is not discharged from any debt based on an allowed claim filed under 11 USC §1305(a)(2) if prior approval by the trustee of the debtors incurring such debt was practicable and was not obtained.

4. Notwithstanding the provisions of Title 11, USC, the debtor is not discharged from any debt made nondischargeable by 18 USC §3613(f), by certain provisions of Titles 10, 37, 38, 42, and 50 of the USC, or by any other applicable provision of law.

5. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

6. Upon filing of the final report and account required by the UST, the trustee shall, without further court order, be discharged as trustee of the debtor's estate.

7. This case is closed, and the court shall retain jurisdiction over any adversary proceeding pending at the time of closure.

###